# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

| | |
|---|---|
| JOHN CATURANO, | |
| Plaintiff, | |
| v. | **NOTICE OF REMOVAL** |
| ARMCHEM INTERNATIONAL CORP., | |
| Defendant. | |

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Armchem International Corp. ("Armchem" or "Defendant") hereby submits this Notice of Removal of the above captioned matter which is pending as Case No. 20 CVS 01793 in the North Carolina Superior Court for Buncombe County (the "State Court Action") to the Asheville Division of the United States District Court for the Western District of North Carolina. In support of removal, Defendant respectfully shows the Court as follows:

## THE COMPLAINT AND TIMELINESS OF REMOVAL

1. On May 29, 2020, Plaintiff John Caturano ("Plaintiff" or "Caturano") filed a Complaint for Declaratory Relief in the State Court Action requesting the court to enter a declaratory judgment declaring that the non-competition, non-solicitation, and confidentiality provisions of his employment agreement with Defendant are void and unenforceable.

2. In accordance with 28 U.S.C. §1446(a), true and accurate copies of all current process, pleadings, and orders served on Defendant in the State Court Action, including the Complaint, are attached as **Exhibit A** and incorporated by reference.

3. Defendant accepted service of the Complaint on or after June 5, 2020.

4. In accordance with 28 U.S.C. § 1446(b), Defendant has timely filed this Notice of Removal by filing it within 30 days of the service date of the Complaint.

**GROUNDS FOR REMOVAL**

5. This case is being removed subject to 28 U.S.C. § 1332(a), which provides for "original jurisdiction of all civil actions where the matter in controversy [1] exceeds the sum or value of $75,000, exclusive of interest and costs, and [2] is between . . . citizens of different States . . . ."

6. The allegations of Plaintiff's Complaint demonstrate that there is complete diversity of citizenship between Plaintiff and Defendant and that the amount in controversy exceeds $75,000. Additional requirements for removal have also been satisfied here.

**I. There Is Complete Diversity of Citizenship Between the Parties.**

7. Plaintiff is a citizen and resident of Buncombe County, North Carolina. (Compl. ¶ 1).

8. Defendant is a corporation organized and existing under the laws of Florida, with a principal place of business in Florida, and is therefore a citizen of Florida. (Compl. ¶ 2); 28 U.S.C. § 1332(c)(1).

9. No other parties are named in this action. Therefore, complete diversity of citizenship exists between the relevant parties. 28 U.S.C. § 1332(a).

**II. The amount in controversy exceeds $75,000.**

10. "[T]he liberal rules of pleading apply to removal allegations." *Scott v. Cricket Commc'ns, LLC*, 865 F.3d 189, 195 (4th Cir. 2017) (citing *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014)). As such, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89.

11. Like requests for damages, "requests for injunctive relief must be valued in determining whether the plaintiff has alleged a sufficient amount in controversy." *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 639 (4th Cir. 2010). The Supreme Court has held that "[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the *value of the object of the litigation.*" *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977) (emphasis added).

12. "Generally, the amount specified in the complaint will determine whether the jurisdictional amount is satisfied for purposes of removal." *Bartnikowski v. NVR, Inc.,* 307 F. App'x 730, 734 (4th Cir. 2009) (unpublished). "In North Carolina, however, a plaintiff must plead for judgment in excess of a certain dollar amount 'making it difficult to determine the exact amount in controversy' from the initial pleading." *Wolfe FA, LLC v. Bula Def. Sys., Inc., LLC*, No. 1:19-CV-00124-MR, 2019 WL 3783308, at *1 (W.D.N.C. Aug. 12, 2019), *appeal dismissed,* No. 19-1992, 2019 WL 8194415 (4th Cir. Nov. 7, 2019) (quoting *Lee Elec. Constr., Inc. v. Eagle Elec., LLC*, No. 1:03-cv-00065, 2003 WL 21369256, at *2 (June 10, 2003)). "When a plaintiff's complaint leaves the amount of damages unspecified, the defendant must provide evidence to 'show ... what the stakes of litigation ... are given the plaintiff's actual demands.' " *Scott*, 865 F.3d at 194 (citing *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005) (emphasis omitted)).

13. Here, Plaintiff does not allege a specific amount of damages in his Complaint other than to state that his current compensation is "in excess of $25,000 per year" (Compl. ¶ 18), with $25,000 being the jurisdictional amount for North Carolina Superior Court. N.C.G.S. § 7A-243.

14. Defendant nevertheless alleges and believes in good faith that more than $75,000 is in controversy exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a) for the following reasons.

   a. Armchem is in the business of manufacturing, selling, and distributing a range of cleaning supplies, maintenance products, and safety products to customers in various parts of the United States.  (Compl. ¶ 7).

   b. From July 2016 to December 2019, Plaintiff was engaged by Armchem to operate as a Sales Manager for Defendant, supervising Armchem's sales representatives in selling and distributing its products to customers in North Carolina and other parts of the United States.  (Compl. ¶ 14).

   c. Shortly thereafter, Plaintiff began to work for Momar, Inc. ("Momar") as a Sales Manager, supervising Momar's sales team in the sale and distribution of industrial cleaning supplies, equipment, sanitizers, and maintenance products throughout the United States.  (Compl. ¶ 18).

   d. After learning of Plaintiff's new position, Defendant sent Plaintiff a letter advising him that he was in breach of a "Noncompetition, Non-Solicitation, and Confidentiality Agreement" (the "Agreement").  (Compl. ¶ 21).

   e. While Plaintiff does not deny that his conduct would be in violation of the Agreement, he does dispute the validity of the Agreement.  (Compl. ¶¶ 22-23; 28-31).

   f. If valid, the Agreement would also bind Plaintiff to pay Defendant's attorneys fees in this action.  (Compl. Ex. A, p 10, ¶ 6).

    g. Should the Court find that the Agreement is valid, Plaintiff's conduct would result in damages to Defendant in excess of $75,000 due to the high level of his position and influence, the large scope of his geographical sales, the volume of sales involved due to the industrial nature of Defendant's business and Plaintiff's current employer, and the fact that Plaintiff would owe Defendant attorney's fees and costs pursuant to the Agreement.

15. Therefore, the amount in controversy in this case exceeds $75,000.

### III. The Other Requirements for Removal Have Been Satisfied.

16. The State Court Action is properly removed to this Court, which is located in the district and division where the State Court Action was pending. 28 U.S.C. § 1446(a).

17. As required by 28 U.S.C. § 1446(d), Defendant will promptly (i) give written notice of this Notice of Remove to Plaintiff and (ii) file a copy of such notice with the Clerk of the North Carolina Superior Court for Buncombe County. A true and accurate copy of this to-be-filed Notice of Filing of Notice of Removal (without exhibits) is attached here to as **Exhibit B** and is incorporated by reference.

18. Pursuant to Local Rule 73.1(b), Defendant will serve Plaintiff with copies of the Case Assignment Notice, the Notice of Availability of a Magistrate Judge to Exercise Jurisdiction, and the Joint Stipulation of Consent to Exercise of Jurisdiction by a United States Magistrate Judge.

19. In the event the Court finds the showing herein to be insufficient, Defendant respectfully requests the opportunity to cure any such defect, including the submission of appropriate jurisdictional discovery, before any adverse ruling is made.

20. By removing the State Court Action to this Court, Defendant does not waive any defenses, objections, more motions available to them under state or federal law. Defendant

expressly reserves the right to move for Dismissal of Plaintiff's claims pursuant to Rule 12 of the Federal Rules of Civil Procedure (and Rule 12 of the North Carolina Rules of Civil Procedure, should this matter be remanded at a later date).  Defendant further expressly reserves the right to challenge venue in this Court once removed.

**WHEREFORE**, Defendant respectfully removes the State Court Action from the North Carolina Superior Court of Buncombe County to the Asheville Division of the United States District Court for the Western District of North Carolina.

This the 6th day of July, 2020.

VAN WINKLE, BUCK, WALL, STARNES
AND DAVIS, P.A.

*/s/Stephen B. Williamson*
STEPHEN B. WILLIAMSON
N.C. Bar #20203
JONATHAN H. DUNLAP
N.C. Bar #43584
Attorneys for Defendant Handi-Clean Products, Inc.
Post Office Box 7376
Asheville, N.C.  28802
(828) 258-2991

## CERTIFICATE OF SERVICE

The undersigned certifies that he has this date served the foregoing NOTICE OF REMOVAL in the above-entitled action by depositing a copy of the document in a prepaid addressed envelope in the US Mail addressed as follows:

John M. Moye
Barnes & Thornburg, LLP
3475 Piedmont Road, N.E., Suite 1700
Atlanta, GA 30305-3327
JMoye@btlaw.com

This the 6th day of July, 2020.

*/s/Stephen B. Williamson*
Stephen B. Williamson