# Exhibit A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of North Carolina

| | |
|---|---|
| JOHN CATURANO *Plaintiff* v. ARCHEM INTERNATIONAL CORP., *Defendant* | Civil Action No. 1:20-CV-00173-MOC-DCK |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: MOMAR INCORPORATED c/o Cogency Global, Inc., 212 South Tryon Street, Suite 1000, Charlotte, NC 28281

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: SEE SCHEDULE "A" ATTACHED HERETO.

| Place: Van Winkle Law Firm, 11 North Market Street, Asheville, NC 28801 | Date and Time: 10/06/2020 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/22/2020

*CLERK OF COURT*        OR

_____       _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* ARCHEM INTERNATIONAL CORPORATION , who issues or requests this subpoena, are:

Jonathan Dunlap, Van Winkle Law Firm, 11 N. Market St., Asheville, NC, 28801, jdunlap@vwlawfirm.com, 828-258-2991

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:20-CV-00173-MOC-DCK

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.*  A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.*  A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.*  A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.*  A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.*  A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.*  On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.*  To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.*  In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.*  These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.*  A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.*  If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.*  The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.*  The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.*  A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.*  If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## INSTRUCTIONS

1. <u>Documents</u>.  If any of the documents requested have been lost, damaged, destroyed, or is otherwise unavailable for inclusion within your response that document shall be identified by author(s), addressee(s), date, subject matter, number of pages, attachments or appendices, all persons to whom distributed, shown or explained, all persons who had custody of each said document, the date of destruction, and the name and title of the person who ordered the destruction.  All documents requested in each individual paragraph shall be produced.  While a request in one paragraph may be more specific or limited in scope than a request contained in another paragraph, it in no way limits or defines the scope of that other paragraph.

2. <u>Privilege</u>.  If you redact or withhold from production any requested documents on the basis of any asserted privilege, including the attorney-client privilege and the work-product protection, you shall so indicate.  Each document claimed as privileged shall be unambiguously described by setting forth: (1) the identity of all persons who initiated, received, or were privy to such documents, (2) the date of the document, (3) the subject matter of the document, and (4) a concise statement of the reason for asserting a privilege.

3. <u>Photographs</u>.  Please provide duplicates in color as applicable of photographs in lieu of photocopies, for which reimbursement will be made.

4. <u>Data</u>.  Data compilations from which data can be obtained, translated, if necessary, by you through detection devices into reasonably usable form, including but not limited to computer records, such as electronic mail, etc.

## DEFINITIONS

1. <u>DOCUMENTS</u>:   The term "documents" shall mean the original, and if not available, any copy of the original, of writings of every kind, manner or description, including, but not limited to, any abstracts, accounts, accountings, agreements, appointment books, appointment records, audio recordings (whether transcribed or not), balance sheets, bids, bid evaluations, bid summaries, bid tabulations, bills, bills of lading, blanks, books, books of account, cablegrams, calculations, calendars, cards, certificates, change orders, charters, charts, checks, communications, comments, compilations from which information can be obtained or translated through detection devices, computer cards, computer disks, computer printouts, computer programs, computer tapes, contracts, correspondence, cost estimates, cost records, construction progress charts, construction drawings, electronic or mechanical recordation in whatever medium, endorsements, entries, estimates, expenses accounts, expense reports, evaluations, field books, field correspondence, field memoranda, field notes, field orders, field reports, files, films, financial analyses, financial reports, financial statements, forms, graphs, handbooks, income reports, income statements, indices, instructions, instruments, inter-office and intra-office communications, invoices, itemizations, job minutes, letters, licenses, logs, magnetic tapes, mailgrams,

manuals, meeting reports, memoranda, memos, messages, microfilm, microfiche, minutes, moving pictures, notes, notices, opinion, order forms, orders, papers, paper memoranda, payroll records, permits, phonograph records, photocopies, photographs, pictures, planographs, plans, plats, preliminary sketches or drawings, prospectuses, publications, receipts, recordings, records, records of account, renderings, reports, requests, requisitions, resolutions, sketches, slides, specifications, statements, statistical records, studies, subcontracts, summaries, surveys, system analyses, tapes, telexes, telegrams, telegrams, teletype messages, tests, test reports, texts, time cards, time records, training manuals, training materials, transcripts, transcriptions or summaries of conversations, transmittal letters or memos, transmittals, warehouse receipts, and other electronic or mechanical recordings or transcripts or any other instrument or device from which information can be perceived, or which is used to memorialize human thought, speech, or action in "your" (as that term is hereinafter defined) possession, custody, control, wherever located.   The term "document" also includes copies containing any information whatsoever in addition to that contained on the original, and copies which differ from the original in any way whatsoever as well as any and all amendments, modifications, alterations, and changes to any of the documents described in this request.   The term "documents" shall also include all the attachments, enclosures or documents referred to in any document described in the request.

If any tape, disc, cards, wire or other electronic or mechanical recording or transcript of any computer program is produced, such documents or devices which are necessary for the decoding, playing back, printing out and/or interpretation thereof, and any other documents or devices necessary to convert such information into a useful and usable format shall also be produced.

This request shall specifically apply to any and all electronic mail(e-mail) transactions, including those which are not reduced to paper but remain in any computer memory storage system files.

2. CORRESPONDENCE: The term "correspondence" shall mean letters, memoranda, notes, cards, postcards, mailers, emails, email attachments, direct messaging, instant messaging, text messages, SMS messages, electronic correspondence, and any other forms of electronic communication.

3. "RELATING TO" OR "RELATE TO": The terms "relating to" and "relate to" mean to constitute, refer to, reflect, mention, evidence, concern, pertain to, identify, or in any way logically or factually connected with the matter discussed.

4. PLAINTIFF: The term "Plaintiff" or "CATURANO" means John Caturano, an individual, together with his attorneys, and any other persons acting or purporting to act for or on behalf of the foregoing.

5. DEFENDANT: The term "Defendant" or "ARMCHEM" means Armchem International Corporation, together with its attorneys, and any other persons acting or purporting to act

      for or on behalf of the foregoing. ARMCHEM includes affiliates such as Handi Clean Products, Incorporated.

6. <u>PERSON</u>: The term "person" includes, but is not limited to, an individual, partnership, joint venture, corporation, business association nor any other legal form or entity.

7. <u>YOU, YOURSELF, YOUR</u>: The terms "you", "yourself", and "your" refer to the person or entity responding to the Request for Production of Documents.

8. <u>AND, OR</u>: The terms "and" and "or" also have the meaning "and/or."

9. <u>INCLUDING, INCLUDES</u>: The terms "including" or "includes" shall mean "including without limitation."

10. <u>MOMAR</u>: The term "MOMAR" shall mean MOMAR, INCORPORATED a Georgia Corporation, registered in Florida as MOMAR INC., with Employer Identification Number 58-0524461, together with its affiliates, agents, and employees, and any other persons and/or entities acting or purporting to act for or on behalf of the foregoing.

## SCHEDULE "A"

1. Any and all correspondence, including electronic correspondence, reflecting communications between JOHN CATURANO (hereinafter "CATURANO") and or MOMAR, INCORPORATED (hereinafter "MOMAR") from January 1, 2019 to the present with MOMAR.

2. Any and all agreements including, without limitation, employment agreements, compensation agreements, and hiring documents, negotiated, drafted, modified, revised, altered, executed or entered into between MOMAR and the following individuals:
   a. John Caturano
   b. Russell Pennington
   c. Andrew McEachern
   d. And any other person who is or was employed by MOMAR on or after January 1, 2019 who was also employed by ARMCHEM within the past three years.

3. All Personnel files, records, and documents, to include, without limitation, resumes, IRS tax election and/or withholdings forms, payroll/compensation information, employee benefits forms, disciplinary action forms, attendance records, references and background checks of the following individuals:
   a. John Caturano
   b. Russell Pennington
   c. Andrew McEachern
   d. And any other person who is or was employed by MOMAR on or after January 1, 2019 who was also employed by ARMCHEM within the past three years.

4. Documents evidencing MOMAR's acknowledgement of CATURANO's employment with ARMCHEM.

5. Documents evidencing the following individuals' sales while working with MOMAR, including sales reports, commission reports, invoices, bill of sales or the like for the following individuals:
   a. John Caturano
   b. Russell Pennington
   c. Andrew McEachern

6. Documents evidencing CATURANO's sales and customer contact information while affiliated with MOMAR.

7. Lists and catalogs of products sold for MOMAR by the following individuals:
   a. John Caturano
   b. Russell Pennington

       c.  Andrew McEachern

8. MOMAR'S employee manuals, regulations, guidelines, or other guidance materials provided to all MOMAR employees.

9. Documents evidencing CATURANO's communications in acquiring customers for or on behalf of MOMAR.

10. Documents evidencing MOMAR'S advertising communications, or the like used to solicit customers.