# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# Civil Action No. 1:20-CV-00173-MOC-DCK

| | |
|---|---|
| JOHN CATURANO,<br><br>Plaintiff and Counterclaim Defendant,<br><br>v.<br><br>ARMCHEM INTERNATIONAL CORP.,<br><br>Defendant and Counterclaim Plaintiff | **ARMCHEM'S MEMORANDUM IN OPPOSITION TO CATURANO'S MOTION TO STAY DISCOVERY AND RULE 26 OBLIGATIONS** |

NOW COMES the Defendant-Counterclaim Plaintiff, Armchem International Corporation (hereinafter "Armchem") and submits this Memorandum in Opposition to Caturano's Motion to Stay Discovery and Rule 26 Obligations (Doc. 18) (hereinafter "Motion to Stay").

## INTRODUCTION

This case involves an employment dispute wherein Plaintiff-Counterclaim Defendant John Caturano ("Caturano") is now seeking to repudiate certain noncompete and nonsolicitation provisions in an employment contract he signed with Armchem (the "Agreement"). Caturano's motion is based on a subpoena that was sent to his counsel in accordance with LR 45.2, but never actually served on Momar. Instead of consulting with opposing counsel in accordance with L.R. 7.1 (b) prior to filing the current motion, Caturano has simply done so asking the Court to become involved with an issue which is not yet ripe for the Court's consideration.

Two days ago, this Court granted Armchem's Motion to Transfer (Doc. 10), effectively transferring this action to the Southern District of Florida (Doc. 19). As such, this Court no longer has jurisdiction to hear this matter. This response, however, is being filed out of an abundance of

caution. Should the Court reach this issue, Armchem respectfully requests the Court deny Caturano's motion as moot.

**RELEVANT FACTS[1]**

Caturano initiated this action by filing an action for declaratory relief in the North Carolina Superior Court of Buncombe County on May 29, 2020. (Compl., Doc. 1-1.) Through his Complaint, Caturano is seeking to have a "Noncompetition, Nonsolicitation and Confidentiality Agreement" he signed with Armchem declared void. Armchem removed this case to this Court on July 6, 2020 based on diversity jurisdiction (Doc. 1), and on July 13, 2020 it filed its Motion to Transfer, Answer, and Counterclaims. (Doc. 3.) In its Counterclaims, Armchem brings claims of breach of restrictive covenant and demand for injunctive relief, breach of contract, breach of fiduciary duty, tortious interference with contractual relationship, and tortious interference with advantageous business relationship. (Counterclaims, ¶¶ 43-85.) Caturano has since filed a motion seeking to have Armchem's tort counterclaims dismissed. (Pl.'s Mot. Doc. 8.)

On Wednesday, September 16, 2020, counsel for Armchem sent counsel for Caturano a copy of a subpoena it had prepared for Caturano's current employer, Momar Incorporated ("Momar") (Exhibit A). The cover letter indicated Armchem was providing Caturano's counsel a copy of the subpoena it intended to serve on Momar in compliance with LR 45.2 "at least three (3) days before we serve the subpoena." (Exhibit B). Counsel for Armchem also sent a copy of the cover letter and subpoena by email to counsel for Caturano. (Exhibit A). Counsel for Caturano responded the following day,

> Thanks. Jonathan, I will agree to accept service of the subpoena on Momar's behalf—and thereby allow you to forgo the cost and effort of serving Momar with this.

---

[1] A more comprehensive recitation of the facts can be found in Defendant's Memorandum in Support of Its Motion to Transfer Pursuant to 28 U.S.C. § 1404(A). (Doc. 11.)

Let me know.  Thanks.

(Exhibit A).  While counsel for Armchem does recognize the professional courtesy and appreciates it as such, he never responded to indicate that the LR 45.2 notice should also be considered service. Rather, Armchem has decided to wait for the Court's ruling on the pending motions.

Meanwhile, Caturano has filed the current motion requesting the Court to stay discovery and all Rule 26 obligations until the Court has ruled on the motion to transfer and motion to dismiss.  Caturano has done so without complying with his obligations under LR 7.1(b) to meet and confer with counsel for Armchem.  In this instance, this meeting would not have been a hollow requirement.  This very issue could have been raised, discussed, and understood, and the reason for the Court's intervention could have been avoided.

## **STANDARD OF REVIEW**

Under Fed. R. Civ. P. 45 (b), a subpoena must be served on a party in order to be valid. Under LR 45.2, a party may not serve the subpoena on the non-party until it has served a copy of the proposed subpoena on the other parties at least three calendar days before the non-party is served.

Under LR 16.1 (f), "the parties may engage in consensual discovery at any time.  However, Court-enforceable discovery does not commence until issues have joined and a Scheduling Order has been entered, with the exception that early Rule 34 requests may be used pursuant to Fed. R. Civ. P. 26(d)(2)."  The court may also grant leave for early, court-enforceable discovery under LR 16.1 (f).

Under LR 7.1, "Civil motions must show that counsel have conferred and attempted in good faith to resolved areas of disagreement, or describe the timely attempts of the movant to

confer with opposing counsel.  A motion that fails to show that the parties have properly conferred or attempted to confer may be summarily denied."

## DISCUSSION

As an initial matter, this case has been transferred to the Southern District of Florida. Accordingly, this Court no longer has jurisdiction over this issue and it should defer ruling on it to the transferee court.

Armchem served a copy of the subpoena at issue on Caturano "at least three (3) calendar days" before it was going to serve it on Momar.  It has, however, yet to serve it on Momar.  As such, the subpoena is not yet valid.

Alternatively, should the Court consider this subpoena served on Momar, this kind of early discovery is permissible under LR 16.1 (f) with the parties' consent.  The remedy under this local rule for a non-consenting party is that the discovery is not enforceable by the Court.  In other words, LR 16.1 (f) can be used as a shield, but not a sword.

Here, based on his motion, Caturano does not appear to consent to early discovery. Armchem has not, however, attempted to enforce this discovery through the Court.  Accordingly, his motion is not yet ripe under LR 16.1 and therefore should be considered moot.

Finally, under LR 7.1, counsel for Caturano had an affirmative duty to consult with opposing counsel prior to the filing of this motion.  He did not do so here, although it would have saved the parties and this Court the time and expense of litigating the current motion where there is, in fact, no actual issue to litigate.  Accordingly, Armchem respectfully requests that the Court deny Caturano's motion in accordance with LR 7.1.

## CONCLUSION

For the forgoing reasons, Armchem respectfully requests that the Court defer ruling on Caturano's Motion to Stay Discovery and Rule 26 Obligations. In the alternative, Armchem respectfully requests that the Court deny Caturano's Motion to Stay Discovery and Rule 26 Obligations as moot.

THIS the 16th day of October, 2020.

                                      VAN WINKLE, BUCK, WALL, STARNES
                                      AND DAVIS, P.A.

                                      */s/Jonathan H. Dunlap*
                                      STEPHEN B. WILLIAMSON
                                      N.C. Bar #20203
                                      swilliamson@vwlawfirm.com
                                      JONATHAN H. DUNLAP
                                      N.C. Bar #43584
                                      jdunlap@vwlawfirm.com
                                      Attorneys for Defendant-Counterclaim Plaintiff
                                      Armchem
                                      Post Office Box 7376
                                      Asheville, N.C.  28802
                                      (828) 258-2991

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of October, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ Jonathan H. Dunlap
Jonathan H. Dunlap