UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JOHN CATURANO,

            Plaintiff,

v.

ARMCHEM INTERNATIONAL CORP.,

            Defendant.

Case No. 0:20-cv-62359

**PLAINTIFF/COUNTERCLAIM-DEFENDANT JOHN CATURANO'S
REPLY IN SUPPORT OF HIS MOTION TO DISMISS ARMCHEM'S AMENDED
COUNTERCLAIMS**

Plaintiff/Counterclaim-Defendant, John Caturano ("Caturano" or "Plaintiff"), by and through his undersigned counsel, hereby files this Reply in Support of His Motion To Dismiss the Amended Counterclaims by Defendant/Counterclaimant Armchem International Corporation's ("Armchem" or "Defendant"). In support thereof, Caturano states as follows:

**INTRODUCTION**

Despite filing amended pleadings, Armchem's counterclaims have been deficient since the inception of this case and should be dismissed, with prejudice, for several reasons. First, Armchem has conceded, as it must, that its breach of fiduciary duty claim (Count III) is duplicative of its breach of contract claim (Count II) since Caturano's fiduciary duties, if any, are based upon the subject Noncompete Agreement. Indeed, Armchem's response makes clear that the Noncompete Agreement expressly contemplates the type of legal and equitable relief that Armchem seeks here. Further, Armchem has continued to allege nothing more than a traditional employer-employee relationship and still fails to identify a single breach that occurred while such a duty, if any, would have existed.

In addition, in support of its intentional interference claims (Counts IV-V), Armchem's

response simply repeats its conclusory pleadings and does not identify any contracts/business relationships with which Caturano supposedly interfered. Even the caselaw Armchem cites demonstrates that Armchem's allegations are deficient. For example, Armchem argues in its Response that it only needs to allege "some description" of contracts/business relationships, but Armchem overlooks that it commits the exact same pleading flaws that its caselaw reviewed and dismissed as deficient. Moreover, Armchem has ignored Plaintiff's argument that Armchem has not established the element of pleading contracts/relationships that would have been consummated but for the alleged interference.

For these reasons and those set forth below, the Court should dismiss, with prejudice, Armchem's claims of: (1) breach of fiduciary duty (Count III), (2) tortious interference with contractual relationship (Count IV), and (3) tortious interference with advantageous business relationship (Count V).

## ARGUMENT

**I.  Armchem's Tort Claims are Duplicative of Its Contract Claim.**

    **a.  Armchem Admits That Its Fiduciary Duty and Contract Claims Derive From The Noncompete Agreement.**

In his opening motion, Plaintiff demonstrated that Florida courts dismiss breach of fiduciary duty claims that are duplicative of breach of contract claims. *See, e.g. Kika M2M LLC v. Pittman*, No. 17-60283-CIV, 2017 WL 7732872, at *5–6 (S.D. Fla. Sept. 5, 2017) (Dimitrouleas, J.). In response, Armchem attempts to split hairs and argues that the fiduciary duty and contract claims are independent because the damages are different. *Id.* at 7-8. Armchem's argument is misplaced.

Armchem has already conceded that its fiduciary duty and contract claims are based upon the Noncompete Agreement. (DE 41) Resp. at 7 ("Even though Caturano's fiduciary duty was

expressly written in the contract . . ."); Resp. at 7 ("Caturano breached his fiduciary duty by disclosing confidential information"[1]); Resp. at 10 ("Caturano unambiguously agreed in writing that he had a fiduciary duty to Armchem and its affiliates."); Resp. at 12 ("This case [*Renpak*][2] does not apply to Armchem's claim against Caturano as there was an express contract that was made to prevent Caturano from using confidential information from Armchem and its affiliates.").[3] Florida courts have unequivocally rejected similar fiduciary duty claims that are based on a noncompete agreement. *See, e.g. SCIGRIP, Inc. v. Engineered Bonding Sols., LLC*, No. 615CV653ORL22KRS, 2015 WL 13792807, at *5 (M.D. Fla. Dec. 9, 2015) ("Under Florida law, there is no cause of action for breach of fiduciary duty 'where the claim of breach is dependent on the existence of a contractual relationship between the parties' because the duty is owed only as a result of the contract.").

More fundamentally, Armchem has acknowledged that the Noncompete Agreement expressly contemplates the exact damages that Armchem seeks here. (DE 41) Resp. at 7 (citing Section 4 of the Noncompete Agreement providing that "[f]ailure to maintain confidential information may result in discipline . . . as well as injunction and/or money damages."). It is absurd to argue that the relief Armchem seeks for its fiduciary duty claim does not fall within Section 4's

---

[1] Armchem alleges in paragraph 13 of the Amended Counterclaims that "Confidential Information" is based upon and defined by Section 3 of the Noncompete Agreement. (DE 39-1) Am. Counterclaims at 4.

[2] *Renpak Inc v. Oppenheimer* 104 So. 2d 642, 645 (Fla. Dist. Ct. App. 1958) (denying breach of fiduciary duty claim because "[I]n the absence of an express contract equity will not enjoin an agent or employee, after the cessation of his employment, from soliciting business from customers of a former principal or employer where no business secret or trust had been reposed in him because of this relationship.").

[3] Armchem also argues that its intentional interference claims (Counts IV-V) are not duplicative of its breach of contract claim, ((DE 41) Resp. at 8), but Caturano did not raise this argument in his opening brief. Caturano has solely argued that Armchem's breach of fiduciary duty and contract claims are duplicative.

parameters.

Armchem also argues that Florida courts allow duplicative tort and contract claims because the "economic loss" doctrine applies only to products liability claims following the Florida Supreme Court decision in *Tiara Condo. Ass'n, Inc. v. Marsh & McLennan Companies, Inc.*, 110 So.3d 399, 407 (Fla. 2013). (DE 42) Resp. at 6. But confusingly, Armchem subsequently concedes that Florida courts dismiss duplicative claims even after *Tiara*. (DE 41) Resp. at 6 ("In a later case the court clarified that 'Florida law presents an additional hurdle for one seeking to pursue a tort claim against a party with whom it is in privity, 'namely that a party still must demonstrate that...the tort is independent of any breach of contract claim.'"). Armchem's concession is unsurprising because, indeed, Florida courts have routinely held that *Tiara* does not upset fundamental contractual principles and that courts may continue to bar duplicative tort claims. *See Alhassid v. Bank of Am., N.A.*, 60 F. Supp. 3d 1302, 1318–19 (S.D. Fla. 2014) ("*Tiara* did not upset 'fundamental contractual principles' which continue to delineate the general boundary between contract law and tort law regardless of the breadth of the economic loss doctrine" and that "[f]undamental contractual principles continue to bar a tort claim where the offending party has committed no breach of duty independent of a breach of its contractual obligations."). Accordingly, Armchem's attempt to distinguish Plaintiff's argument on the basis of the economic loss doctrine should be rejected.

Armchem also asserts that its fiduciary duty and contract claims should survive because it is "premature" to dismiss them at the pleadings stage since parties may bring alternative theories. (DE 41) Resp. at 18-19. While it is true that parties can, of course, allege alternative theories, courts are under no obligation to maintain claims where it is clear that no legal basis exists for them, and Florida courts have routinely dismissed claims pursuant to Rule 12(b)(6) that are nearly

identical to the claims that Armchem seeks to advance here. *See, e.g. Kika M2M LLC*, No. 17-60283-CIV, 2017 WL 7732872, at *5–6.

At bottom, the Court should dismiss Armchem's fiduciary duty claim (Count III) as duplicative of its contract-based claim (Count II).

## II. Armchem Fails to Allege Breach of Fiduciary Duty (Count III).

### a. No Duty As A Mere Employee.

In its opening brief, Plaintiff demonstrated that no fiduciary duty exists because Armchem has alleged nothing more than a traditional employer-employee relationship and that Florida courts do not find that employees owe a *de facto* fiduciary duty by virtue of employment. (DE 40) Mot. at 7-9. In response, Armchem simply repeats the conclusory allegations from its amended counterclaims and asserts that is sufficient to state a claim. (DE 41) Resp. at 19. To illustrate, Armchem's entire theory concerning the source of Caturano's fiduciary duty is the following:

> Armchem has alleged that Caturano had a fiduciary relationship with it. (Amended Counterclaim, ¶ 81). The facts pled which support that allegation are 1) Armchem entrusted Caturano with sensitive, confidential information, 2) Caturano and Armchem agreed that Caturano was in a position of trust with Armchem, 3) that Caturano agreed that he owed Armchem, and its affiliates, "a fiduciary duty to preserve and protect such confidential business information from all unauthorized disclosures and unauthorized use," and 4) that Caturano agreed that the unauthorized disclosure or use of Armchem's confidential business information would "irreparably harm" Armchem. (Amended Counterclaim, ¶¶ 11; 15 (d)(f); 22(e); 68; 81). Moreover, Caturano unambiguously agreed in writing that he had a fiduciary duty to Armchem and its affiliates. (Amended Counterclaim, ¶ 15 (d)).

(DE 41), Resp. at 19. In circular fashion, Armchem simply cites its own conclusory pleadings as the basis for its theory that Caturano owed a fiduciary duty. But merely alleging the elements of a claim in conclusory fashion is not sufficient. *Leedom Mgmt. Grp., Inc. v. Perlmutter*, No. 8:11-CV-2108-T-33TBM, 2012 WL 503904, at *5 (M.D. Fla. Feb. 15, 2012) (finding a mere statement

5

that "[plaintiff] reposed trust and confidence in [defendant] and [defendant] under took such trust ... woefully insufficient.").

Moreover, to the extent Armchem's pleadings reference the Noncompete Agreement, ((DE 39-1) (Am. Counterclaims. ¶¶ 11, 15)), Florida courts have consistently found that confidentiality agreements do not in themselves give rise to the level of "special trust and assent" required to create a fiduciary duty. *See SCIGRIP, Inc. v. Engineered Bonding Sols., LLC*, No. 615CV653ORL22KRS, 2015 WL 13792807, at *5 (M.D. Fla. Dec. 9, 2015). In *SCIGRIP, Inc.*, for example, the plaintiff alleged that "[a]s a result of the confidentiality provisions contained in IPS documents, the [non-disclosure agreement], and the Consent Order, and his position with IPS, Mr. Osae owed a fiduciary duty to IPS." *Id.* at *5. Rejecting plaintiff's argument, the *SCIGRIP* court held that those "allegations are insufficient to establish a fiduciary duty" because "the confidentiality provisions are not sufficient alone to create a fiduciary duty . . . [and] if the fiduciary duty is only established because of the contracts, the proper claim lies in breach of contract." *Id.* Similarly, here, the face of the pleadings make clear that Caturano was merely an employee of Armchem; that he was not in a special position of trust and assent; that this matter is more akin to a traditional employer-employee relationship that does not give rise to fiduciary duties; and that Caturano's actions are governed by a noncompete agreement. (DE 40) Mot. at 8-9.

    **b. No Duty Exists To A Former Employer.**

Even if Armchem had properly alleged the existence of a fiduciary duty, Armchem still fails to allege that Caturano breached that duty, if any, while it existed. (DE 40) Mot. at 9-10. In its response, Armchem argues that Caturano's fiduciary duties broadly extend to his post-employment conduct. (DE 42) Resp. at 11-12 (attempting to distinguish *Renpak, Inc. v. Oppenheimer*, 104 So. 2d 642, 645 (Fla. Dist. Ct. App. 1958) and *Connelly v. Special Rd. & Bridge*

*Dist. No. 5*, 99 Fla. 456, 467 (Fla. 1930)). Armchem shoots an own-goal attempting to distinguish *Renpak*, however, arguing that no written noncompete existed in *Renpak* whereas the Noncompete Agreement controlled Caturano's conduct here. (DE 42) Resp. at 12. This is exactly the point. No common law fiduciary duty exists here because the Noncompete Agreement, to the extent it is valid, would govern Caturano's conduct. Armchem also attempts to distinguish *Connelly* by arguing that employees may not use confidential information to the detriment of former employers. (DE 42) Resp. at 12. But this overlooks *Connelly*'s central ruling that employees, after the term of service has expired, are "entitled to compete in business with his [former employer] on the same footing as a stranger" absent express agreements otherwise. *See Connelly v. Special Rd. & Bridge Dist. No. 5*, 99 Fla. 456, 467 (1930); *see also* (DE 40) Mot. at 15-17. Here, to the extent it is valid, the Noncompete Agreement would control Caturano's conduct. Armchem's arguments should be rejected.

**III.   Armchem Concedes That Its Claim Of Tortious Interference With Advantageous Business Relationship (Count V) Merely Repeats Its Claim of Tortious Interference With Contractual Relationship (Count IV).**

Armchem does not refute Plaintiff's argument that Armchem's claim of tortious interference with prospective business relationships (Count V) merely repeats its claim of tortious interference with contractual relationships (Count IV). (DE 42) Resp. at 15 ("Tortious interference with a contract and tortious interference with a business relationship are basically the same cause of action. The only material difference appears to be that in one there is a contract and in the other there is only a business relationship."). Therefore, these two counts should be dismissed for the same reasons outlined below.

**IV.   Armchem Fails To Allege Breach Of Prospective Contractual/Business Relationships.**

As demonstrated in Plaintiff's opening brief, Armchem's intentional interference claims fail for two reasons: (1) they fail to identify a single contract or business relationship with which

7

Caturano supposedly interference; and (2) they fail to identify a single contract or business relationship that would have been consummated but for Caturano's purportedly tortious conduct. (DE 40) Mot. at 12-14.

In response, Armchem argues that it does not need to identify the contracts/business relationships with which Caturano allegedly interfered and only needs to allege "some description," citing to *Agostinacchio v. Heidelberg Eng'g, Inc*. (DE 42) Resp. at 17. Armchem's argument should be rejected, however, for the simple fact that it overlooks *Agostinacchio*'s holding that dismissed an intentional interference claim due to the exact same pleading deficiencies that Armchem commits here. In *Agostinacchio*, plaintiff asserted that the defendant interfered with the business relationships of "actual and prospective customers." *Agostinacchio*, 2019 WL 3243408, at *10. Dismissing the interference claim, the court reasoned that plaintiff's bald assertions do not even meet the "some description" standard. *Id.* (citing *Coach Servs., Inc. v. 777 Lucky Accessories, Inc.*, 752 F. Supp. 2d 1271, 1273 (S.D. Fla. 2010) (plaintiff's allegation that it was planning to sell its sunglasses to "various customers" was too vague and abstract to satisfy the first element of a tortious interference claim.)).

Here, Armchem likewise does not plead "some description" of a contract/business relationship and simply advances the same conclusory allegations that *Agostinacchio* reviewed and dismissed. To illustrate, Armchem has identified the contracts/business relationships as follows:

> Contracts existed between Armchem and its affiliates current and former employees. (DE 39-1) Am. Counterclaims ¶ 88.
>
> Caturano unjustifiably and intentionally interfered with the contractual relationships between Armchem, and its affiliates, and their current and former employees." (DE 39-1) Am. Counterclaims ¶ 90.
>
> Business relationships . . . existed between Armchem, and its

8

> affiliates, and their current and former employees. (DE 39-1) Am. Counterclaims ¶ 95.
>
> Caturano unjustifiably and intentionally interfered with the business relationship between Armchem, and its affiliates, and their current and former employees. (DE 39-1) Am. Counterclaims ¶ 97.

As in *Agostinacchio*, Armchem's pleadings are too vague and abstract to satisfy basic pleading standards. *Agostinacchio,* 2019 WL 3243408, at *6 ("The Court cannot tell; and it is neither this Court's nor [defendant's] job to piece together a comprehensible complaint from [plaintiff's] scattered allegations.").

In addition, Armchem continues to overlook the critical element of pleading contracts/relationships that would have been consummated but for the alleged interference, (*Ethan Allen, Inc. v. Georgetown Manor, Inc.*, 647 So. 2d 812, 815 (Fla. 1994)), and instead merely states that Caturano interfered with contracts of unnamed existing and former employees and business affiliates. (DE 39-1) Am. Counterclaims ¶¶ 88, 90, 95, 97; *see also* (DE 40) Mot. at 14. Armchem completely ignores this argument in its Response. The Court should rule in favor of Caturano on this point alone. At bottom, Armchem has failed to adequately plead claims for intentional interference (Counts IV-V), and the Court should dismiss them with prejudice.

## **CONCLUSION**

Armchem's amended counterclaims for (1) breach of fiduciary duty (Count III), (2) tortious interference with contractual relationship (Count IV), and (3) tortious interference with advantageous business relationship (Count V), fail to state a plausible claim for relief for the various reasons described above and in Plaintiff's opening brief. Because Armchem has failed to satisfy its pleading obligations with respect to these claims, the Court should dismiss them pursuant to Fed.R.Civ.P 12(b)(6) with prejudice.

Respectfully Submitted,

/s/ *John A. Turner*
SAUL EWING ARNSTEIN & LEHR LLP
515 N. Flagler Drive
Suite 1400
West Palm Beach, FL 33401
Florida Bar No. 000922
John.turner@saul.com
Linda.dunne@saul.com
Wpb-ctdocs@saul.com

Andrew E. Bollinger, Esq. (admitted pro hac vice)
SAUL EWING ARNSTEIN & LEHR LLP
161 North Clark, Suite 4200, Chicago, IL

## SERVICE LIST

**John Caturano v. Armchem International Corp.**
**CASE NO. 20-62359-CIV-DIMITROULEAS**
**United States District Court, Southern District of Florida**

John M. Moye, Esq.
Barnes & Thornburg LLP
3475 Piedmont Road N.E.
Suite 1700
Atlanta, GA 30305
jmoye@btlaw.com

John A. Turner, Esq.
Saul Ewing Arnstein & Lehr LLP
Northbridge Centre, Suite 1400
515 North Flagler Drive
West Palm Beach, FL 33401
John.turner@saul.com
Linda.dunne@saul.com
Wpb-ctdocs@saul.com

Oscar E. Soto, Esq.
The Soto Law Group
2400 E. Commercial Blvd., Suite 400
Ft. Lauderdale, FL 33308
oscar@sotolawgroup.com
erica@sotolawgroup.com

Andrew E. Bollinger, Esq.
Saul Ewing Arnstein & Lehr LLP
161 North Clark Street, Suite 4200
Chicago, IL 60601
Andrew.bollinger@saul.com